UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ROLAND MATHIS,

    Plaintiff,

v.        CIVIL ACTION NO. 5:18-cv-01111

WARDEN JOEL ZIEGLER and
WARDEN COAKLEY and WARDEN D.L. YOUNG and
DHO MS. LESLIE and UNIT MANAGER MS. E. STENNETT and
UNIT MANAGER MR. SNOW and COUNSELOR R. HAWKINS and
COUNSELOR MR. GRIMES and CASE MANAGER M. FOWLER and
CASE MANAGER MS. E. STOCK and
OFFICER WILLIAMS and OFFICER JAMES and
OFFICER E. HARVEY and LIEUTENANT FELTS and
SECRETARY MS. HUNTER and RN MR. ROSE and
OFFICER PETRY and OFFICER BRAGG and
OFFICER ZIMMERMAN and OFFICER ERSKINE and
P.A. ELLIS and DR. EDWARDS and DR. ZAHIR and
RDAP MR. CARNELL and EDUCATION MR. STEVENS and
DR. HALL and OFFICER W. COOLEY and MAIL ROOM STAFF,

    Defendants.

## ORDER

Pending is Defendant Dr. Zahir's Motion to Dismiss [Doc. 67]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on November 13, 2019. Magistrate Judge Aboulhosn recommended that the Court grant Dr. Zahir's Motion to Dismiss the medical malpractice claim and refer the matter anew.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C.

§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections were due December 2, 2019. Dr. Zahir contends that Mr. Mathis's objections – filed December 4, 2019 – are untimely and properly disregarded [Doc. 125]. Indeed, as counsel for Dr. Zahir correctly notes, Magistrate Judge Aboulhosn's PF&R provides that "the parties shall have fourteen (14) days" to file objections. That interval, however, is subject to at least two corollaries. First, as the PF&R reflects, an incarcerated individual filing by mail enjoys an additional three days to file objections. Second, it has been the case for over thirty (30) years that inmate submissions are deemed "filed" on the date they were delivered to prison officials for mailing. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 270–72 (1988).

As noted, the deadline for objections was December 2, 2019.[1] The envelope containing Mr. Mathis' objections indicates that postage was paid on December 2, 2019. That

---

[1] Dr. Zahir states that Mr. Mathis' objections were filed "seven (7) days beyond the fourteen (14) day window." [Doc. 125 at 2]. His contention is well wide of the mark. In addition to the rule in *Lack*, an objecting party has fourteen days *and an additional* three days for his mailed objections to arrive at the Court. The PF&R was filed on November 13, 2019 [Doc. 122]. Under *Federal Rule of Civil Procedure* 6(a)(1), the last day to file objections was December 2, 2019. *See*

2

could only be so if Mr. Mathis provided it to prison authorities on or before that date. The objections are thus timely.

The Court, however, concludes the objections are not meritorious. His arguments "do not direct the court to a specific error in the magistrate's proposed findings and recommendations" and thus de novo review is unnecessary. *Orpiano*, 687 F.2d at 47. To the extent necessary, the Court further concludes that Magistrate Judge Aboulhosn has arrived at the correct result in his well-reasoned PF&R.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 122**], **GRANTS** Defendant Dr. Zahir's Motion to Dismiss [**Doc. 67**], **DISMISSES** the medical malpractice claim, and **REFERS** the matter back to Magistrate Judge Aboulhosn for further proceedings.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party herein.

ENTERED: February 6, 2020

Frank W. Volk
United States District Judge

---

Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period . . . count every day, including intermediate Saturdays, Sundays, and legal holidays" but "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is" not such a day).