IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| ROLAND MATHIS, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:18-01111 |
| | ) |
| WARDEN JOEL ZIEGLER, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# O R D E R

Pending before the Court is Plaintiff's "Motion for Clarification of Pending Matters Pursuant to Rule 47 of the Federal Rules of Criminal Procedures" (Document No. 153), filed on May 22, 2020. First, Plaintiff complains that two defendants have not been served. (Id.) Second, Plaintiff appears to include argument in opposition to Defendants Ziegler, Coakley, Young, Leslie, Stennent, Snow, Hawkins, Grimes, Fowler, Jones (formerly Stock), Harvey, Felts, Hunter, Rose, Petrey, Bragg, Zimmerman, Erskine, Ellis, Edwards, Carnell, Stevens, Hall, and Cooley ["BOP Defendants"] "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (Document No. 132) and Defendant Zahir's Motion to Dismiss (Document No. 141). (Id.)

To the extent Plaintiff requests relief pursuant to Rule 47 of the Federal Rules of Criminal Procedure, Plaintiff's Motion is **DENIED**. The Federal Rules of Criminal Procedure are inapplicable to the above civil proceeding. To the extent Plaintiff requests clarification, Plaintiff's Motion is **GRANTED**. First, Plaintiff complains that this Court has not obtained service upon Defendants Williams and James. Although officers of the Court are charged with *assisting* the Plaintiff with service of process under 28 U.S.C. § 1915(d) due to his *in forma pauperis* status, neither the Court nor the USMS, are required to be *advocates* for the *pro se* Plaintiff. The Court

has no responsibility to continue to search for the location of any unserved Defendant for the purpose of perfecting service of process for the Plaintiff. In Skaggs v. Clark, 2015 WL 269154 (S.D.W.Va. Jan. 21, 2015), United States District Judge Robert C. Chambers stated as follows:

> Notwithstanding the difficulties faced by an incarcerated plaintiff, it is not yet, and cannot become, the role of the courts to track down defendants on behalf of incarcerated plaintiffs.[1] At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information – which is absent here – can the courts execute services.

Skaggs v. Clark, 2015 WL 269154, * 3 (S.D.W.Va. Jan. 21, 2015); also see Ray v. Pursell, 2017 WL 3707584 (S.D.W.Va. June 23, 2017)(same). The Court and the USMS have diligently attempted to effect service upon Defendants William and James based upon the information provided by Plaintiff. Specifically, the Court has made four different attempts to obtain service upon Defendants Williams and James based upon information provided by Plaintiff. (Document Nos. 15, 56, 95, and 117.) Each time, the information provided by Plaintiff was either incorrect or inadequate to effective service. (Document Nos. 47, 50, 74, 76, 98, 99, 127, 128.) Plaintiff has failed to provide the Court with any further identifying information for Defendants Williams or James. If a defendant is not served, Plaintiff will not be able to prevail on his claim against that person. It is Plaintiff's responsibility, and not the duty of the Court, to ascertain the identities and addresses of those individuals whom Plaintiff believes caused him injury.

To the extent Plaintiff is challenging the arguments set forth in the BOP Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 132) and Defendant Zahir's Motion to Dismiss (Document No. 141), Plaintiff should set forth such

---

[1] Although Plaintiff was incarcerated at the time of the filing of the above action, the Court notes that Plaintiff has since been released from prison.

arguments in his Response that is due on or before **June 30, 2020**.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: May 27, 2020.

Omar J. Aboulhosn
United States Magistrate Judge

3