UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ROLAND MATHIS,

    Plaintiff,

v.                                                                CIVIL ACTION NO. 5:18-cv-01111

WARDEN JOEL ZIEGLER and
WARDEN COAKLEY and WARDEN D.L. YOUNG and
DHO MS. LESLIE and UNIT MANAGER MS. E. STENNETT and
UNIT MANAGER MR. SNOW and COUNSELOR R. HAWKINS and
COUNSELOR MR. GRIMES and CASE MANAGER M. FOWLER and
CASE MANAGER MS. E. STOCK and
OFFICER WILLIAMS and OFFICER JAMES and
OFFICER E. HARVEY and LIEUTENANT FELTS and
SECRETARY MS. HUNTER and RN MR. ROSE and
OFFICER PETRY and OFFICER BRAGG and
OFFICER ZIMMERMAN and OFFICER ERSKINE and
P.A. ELLIS and DR. EDWARDS and DR. ZAHIR and
RDAP MR. CARNELL and EDUCATION MR. STEVENS and
DR. HALL and OFFICER W. COOLEY and MAIL ROOM STAFF,

    Defendants.

**ORDER**

Pending Plaintiff Roland Mathis's Notice of Appeal [Doc. 155], filed on June 26, 2020.

**I.**

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge. Mr. Mathis filed his "notice of appeal of the District court's judgement on civil case order, executed by the Honorable Judge Omar J. Aboulhosn on April 30, 2020 and May 27, 2020 and filed a record enter on February 4, 2020." [Doc. 155]. Without further

information, the Court turns to the docket and notes that the following orders were entered on the identified dates:

> (1) On February 4, 2020, Magistrate Judge Aboulhosn entered an Order [Doc. 131] granting the Defendants' motion to exceed the page limit as to the Defendants' memorandum in support of their motion to dismiss;

> (2) On April 30, 2020, Magistrate Judge Aboulhosn entered an Order [Doc. 152] (a) granting Mr. Mathis's second motion for an extension of time to file a response to the Defendants' motion to dismiss, and (b) denying Mr. Mathis's motion for appointment of counsel; and,

> (3) On May 27, 2020, Magistrate Judge Aboulhosn entered an Order [Doc. 154] denying in part Mr. Mathis's "Motion for Clarification of Pending Matters Pursuant to Rule 47 of the Federal Rules of Criminal Procedure" inasmuch as it sought relief under the Federal Rules of Criminal Procedure which are inapplicable to the instant civil proceeding, but granting the motion in part insofar as Mr. Mathis simply requested clarification.

## II.

A district court may refer non-dispositive pretrial matters to a magistrate judge for decision and may reconsider the matters if a party shows that the magistrate judge's decision was clearly erroneous. *See* 28 U.S.C. § 636(b)(1)(A). As to dispositive matters, a district court may refer such matters to the magistrate judge for the entry of a report and recommendation. *See id.* Regardless of whether a matter is dispositive or non-dispositive, however, the decision cannot be directly appealed to the court of appeals except in a single limited circumstance. *See id.* § 636(c) (providing that magistrate judge may, if all parties consent, enter a final order that may be appealed "directly to the appropriate United States court of appeals . . . in the same manner as an appeal from any other judgment of a district court."). Outside of this limited exception, the relevant court

of appeals lacks jurisdiction to review a magistrate judge's decision. *See id.* Accordingly, a broadly stated notice of appeal can only be construed as an appeal to the district court.

Inasmuch as the record indicates that the rulings occurring on these dates were of non-dispositive matters, the Court may reconsider these matters if a party demonstrates that the magistrate judge's decision was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Mr. Mathis's notice of appeal wholly failed to identify – and the Court cannot discern – any error in the three rulings listed. The rulings accurately state and apply the relevant law. Consequently, inasmuch as Mr. Mathis failed to demonstrate that the three rulings were contrary to law or clearly erroneous, the Court will not reconsider the matters. Accordingly, the Court **AFFIRMS** the identified rulings [**Docs. 131, 152, 154**].

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to any unrepresented parties and all counsel of record.

ENTERED: August 28, 2020

Frank W. Volk
United States District Judge