UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ROLAND MATHIS,

      Plaintiff,

v.                                         CIVIL ACTION NO. 5:18-cv-01111

WARDEN JOEL ZIEGLER and
WARDEN COAKLEY and WARDEN D.L. YOUNG and
DHO MS. LESLIE and UNIT MANAGER MS. E. STENNETT and
UNIT MANAGER MR. SNOW and COUNSELOR R. HAWKINS and
COUNSELOR MR. GRIMES and CASE MANAGER M. FOWLER and
CASE MANAGER MS. E. STOCK and
OFFICER WILLIAMS and OFFICER JAMES and
OFFICER E. HARVEY and LIEUTENANT FELTS and
SECRETARY MS. HUNTER and RN MR. ROSE and
OFFICER PETRY and OFFICER BRAGG and
OFFICER ZIMMERMAN and OFFICER ERSKINE and
P.A. ELLIS and DR. EDWARDS and DR. ZAHIR and
RDAP MR. CARNELL and EDUCATION MR. STEVENS and
DR. HALL and OFFICER W. COOLEY and MAIL ROOM STAFF,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Doc. 132], and Defendant Syed Abdul Zahir M.D.'s Motion to Dismiss Plaintiff's *Bivens* Claim [Doc. 141]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on July 16, 2020 [Doc. 157]. Magistrate Judge Aboulhosn recommended that the Court grant the Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Doc. 132], grant Defendant

Zahir's Motion to Dismiss [Doc. 141], dismiss Defendants Williams and James without prejudice due to the lack of service, and remove the matter from the docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on August 3, 2020. Mr. Mathis mailed "A motion of rejection to dismissal proposed Findings and recommendation" on August 24, 2020 [Doc. 158-2].[1]

Liberally construing – and considering, despite the untimely submission– Mr. Mathis's filing, Mr. Mathis objects to the Magistrate Judge's recommendation that Defendants Williams and James should be dismissed for lack of service [Doc. 158 at 6]. Mr. Mathis does not dispute that these two defendants were never served, but asserts that the two defendants are "trying

---

[1] Mr. Mathis submitted two identical "motion[s] of rejection to dismissal proposed Findings and recommendations." [Docs. 158, 159]. To determine the submission date, the Court has looked to the earliest date that the filing was mailed.

to avoid being served" inasmuch as he contends they still work at FCI Beckley but service was not able to be perfected at FCI Beckley [Doc. 158 at 5]. Moreover, Mr. Mathis argues that he could not provide more information in aid of service, as the only information he has are the officers' last names and the address for FCI Beckley. Finally, Mr. Mathis argues that he is entitled to rely on the U.S. Marshal Service ("the USMS") "to use due diligence to locate these two defendant/officers, also due to the plaintiff just got release." [Doc. 158 at 6].

On review, the Court concludes that Mr. Mathis's objections lack merit. Indeed, while it is true that officers of the Court are tasked with aiding plaintiffs proceeding in forma pauperis by "issu[ing] and serv[ing] all process," 28 U.S.C. § 1915(d), the plaintiff is tasked with providing necessary and sufficient information so that service may be effected. The docket is replete with attempts by officers of the Court to serve Defendants Williams and James. These were not simply performative efforts. Magistrate Judge Aboulhosn ordered service upon Defendants Williams and James four times [Docs. 15, 56, 95, 117], and on each occasion, service could not be completed due to the inadequacy or inaccuracy of the information provided by Mr. Mathis [Docs. 47, 50, 74, 76]. To the extent that Mr. Mathis's objections to the quality of the USMS's efforts to locate the unserved defendants can be construed as an objection to the PF&R, the Court **OVERRULES** his objections.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 157**], **GRANTS** the Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [**Doc. 132**], **GRANTS** Defendant Zahir's Motion to Dismiss [**Doc. 141**], **DISMISSES** Defendants Williams and James without prejudice due to the lack of service, and **DISMISSES** the matter from the docket.

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and Order to any counsel of record and any unrepresented party herein.

ENTERED: August 28, 2020

Frank W. Volk
United States District Judge